**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:_____

KENDALL COMMUNITY CHURCH OF
GOD, INC.,

       Plaintiff,

v.

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

       Defendant.
_____/

**PETITION FOR REMOVAL AND
INCORPORATED MEMORANDUM OF LAW**

Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY ("PIIC"), through its undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully petitions for the removal of the instant action, styled *Kendall Community Church of God, Inc. v. Philadelphia Indemnity Insurance Co.*, Case No. 2015-14151 CA 01, from the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, to the United States District Court for the Southern District of Florida, and as grounds therefor states as follows:

**GROUNDS FOR REMOVAL**

1. This is a civil action for declaratory relief which is presently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida. Miami Dade County is within the Southern District of Florida.

2. The present action was commenced by plaintiff, Kendall Community Church of God, Inc. ("KCCOG"), with the filing of its Complaint for Declaratory Judgment (the "DJ

Complaint") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida on June 23, 2015. A copy of the DJ Complaint was not served upon PIIC.

3. On June 29, 2015, KCCOG filed an Amended Complaint for Declaratory Judgment (the "Amended DJ Complaint") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida.

4. A copy of the Amended DJ Complaint was served upon PIIC by the Chief Financial Officer of the State of Florida via electronic delivery on July 6, 2015. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings and orders served upon PIIC in this action are attached hereto as Exhibit "1."

5. This is a civil action over which the United States District Court for the Southern District of Florida has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and is subject to removal pursuant to 28 U.S.C. § 1441(b). This civil action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Plaintiff, KCCOG, is a Florida corporation with its principal place of business in Miami Dade County. *See* Amended DJ Complaint, ¶2.

7. Defendant, PIIC, is a Pennsylvania corporation with its principal place of business in Pennsylvania. Attached hereto as Exhibit "2" is a true and correct copy of publicly-available records from the website of the Florida Office of Insurance Regulation (http://www.floir.com). These records confirm that PIIC is incorporated in Pennsylvania and maintains its principal place of business at One Bala Plaza, Suite 100, Bala Cynwyd, PA 19004.

8. Based upon the above, KCCOG is a citizen of the State of Florida and PIIC is a citizen of the State of Pennsylvania for purposes of evaluating diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, complete diversity of citizenship exists.

9. The Amended DJ Complaint seeks coverage under commercial lines liability policy no. PHPK639476 issued by PIIC to KCCOG (the "Policy") in connection with a separate proceeding brought against KCCOG (among others) in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, styled *Bell v. Curry*, et al., Case No. 12-21339 CA 21 (the "Bell Action"). A copy of the operative pleading in the Bell Action (the "Bell Complaint") is attached to the Amended DJ Complaint as Exhibit A. *See* Ex. 1.

10. The Policy provides insurance coverage in the face amount of $1,000,000 for each claim. A copy of the Policy is attached to the Amended DJ Complaint as Exhibit B. *See* Ex. 1. The Bell Complaint includes numerous allegations of misappropriation of KCCOG's property, including the wrongful conveyance of "multimillion dollar church property." *See* Bell Complaint, ¶77. Additionally, the Bell Complaint includes multiple allegations of conversion of church funds. *See* Bell Complaint, ¶¶100, 101, 104, 105.

11. The Amended DJ Complaint seeks declarations that, *inter alia*, there is coverage under the Policy for the claims asserted against KCCOG in the Bell Action, PIIC has a duty to defend KCCOG in the Bell Action and PIIC is obligated for any payments and expenses incurred by KCCOG in the Bell Action. *See* Amended DJ Complaint, ¶17. PIIC has disclaimed coverage under the Policy in connection with the Bell Action. *See* letters to KCCOG dated July 5, 2012 and September 23, 2014, attached hereto as Exhibits "3" and "4," respectively. Because the Bell Action involves millions of dollars of property and funds and PIIC has disclaimed coverage under the Policy, the present action involves an amount in controversy well in excess of the $75,000 jurisdictional threshold in 28 U.S.C. § 1332.

12. KCCOG also seeks attorney's fees against PIIC (*See* Amended DJ Complaint at "Wherefore" clause on pp. 6-7) and must also be considered in determining the amount in

controversy. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.").

13. Additionally, this Petition of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) because it is being filed within thirty (30) days after a copy of the initial pleading setting forth the claim for relief upon which this action is based was served upon PIIC, *i.e.*, July 6, 2015, and is being filed within 1 year from commencement of the action, *i.e.*, June 23, 2015.

14. In sum, because diversity of citizenship exists as between KCCOG and PIIC, the amount in controversy exceeds $75,000, and this Petition for Removal is timely filed, this Court has jurisdiction over this matter. PIIC is the only defendant and consents to the removal of this action. Pursuant to 28 U.S.C. § 1446(d), PIIC will give prompt notice upon filing of this Petition for Removal to all parties of record and to the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida.

## **MEMORANDUM OF LAW**

Pursuant to the provisions of 28 U.S.C. § 1332(a)(1):

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --
>
> (1) citizens of different States. . . .

Additionally, 28 U.S.C. §1441(a) states as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United

4

> States for the district and division embracing the place where such action is pending.

Moreover, 28 U.S.C. §1446(b) states, in relevant part, as follows:

> (b) Requirements; generally. (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. . . .

The instant action meets all requirements for removal from the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida to the United States District Court for the Southern District of Florida. This is an action between citizens of different states; the matter in controversy is in excess of this Court's jurisdictional amount of $75,000, exclusive of interest and costs; all defendants consent to the removal of this action; and this Petition for Removal is being filed timely. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Accordingly, this action is properly removable to the United States District Court for the Southern District of Florida.

WHEREFORE, defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY, petitions this Court for removal of this action to the United States District Court for the Southern District of Florida, and requests that such removal be hereby effectuated and that this Court take jurisdiction of this action.

Dated: July 17, 2015
      Fort Lauderdale, FL

                                        Respectfully submitted,

                                        LITCHFIELD CAVO LLP

By:    s/ Jason M. Chodos
        Gary Khutorsky, Esq. (FL Bar No. 814271)
        khutorsky@litchfieldcavo.com
        Jason M. Chodos, Esq. (FL Bar No. 025823)
        chodos@litchfieldcavo.com
        600 Corporate Drive, Suite 600
        Fort Lauderdale, Florida 33334
        Tel.: (954) 689-3000
        Fax: (954) 689-3001
        *Attorneys for Defendant,*
        *Philadelphia Indemnity Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Petition of Removal was served upon the following via facsimile (without exhibits) and U.S. Mail (with exhibits) on this 17th day of July, 2015:

William C. Robinson, Esq.
Franz A. Parke, Esq.
Nelson Mandela Blvd.
18441 NW 2nd Avenue
Lincoln Square Suite 217
Miami Gardens, FL 33169
Tel. (305) 454-9632
Fax (786) 520-3972
*Attorneys for Plaintiff,*
*Kendall Community Church of God, Inc.*

                                        s/ Jason M. Chodos
                                        Jason M. Chodos